

## NUMBER 13-23-00135-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

3HM TRUCKING, LLC,
MICHAEL JEROME WRIGHT,
PRESTIGE GUNITE, INC.,
JESUS MARIA ROSALES, III,
TRI-NATIONAL, INC., AND
RMR DRIVER SERVICES, INC.,                                    Appellants,

v.

JOANN CARR ELIZONDO, ET AL.,                                    Appellees.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

## DISSENTING MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Dissenting Memorandum Opinion by Justice Tijerina**

For the reasons stated below, I respectfully disagree with the majority's

memorandum opinion regarding 3HM Trucking, LLC, Michael Jerome Wright, Prestige

Gunite, Inc., Tri-National, Inc., and RMR Driver Services, Inc., and therefore dissent. I would reverse the trial court's judgment because 3HM, Wright, Prestige, Tri-National, and RMR effectively destroyed the Elizondos' prima facie proof that proper venue is in Hidalgo County.[1]

In our review of a venue determination, we must "conduct an independent review of the entire record to determine whether venue was proper" in Hidalgo County. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993) (op. on reh'g). "The evidence as a whole may well show that prima facie proof was misleading or wrong." *Id.* Thus, we cannot determine that venue is *always* proper in the county listed on a defendant's driver's license. *See id.* Especially, when the evidence shows otherwise. *See id.*

Here, Rosales stated in a sworn affidavit that he moved to Cameron County approximately six months prior to October 10, 2022. Rosales averred that the accident report "erroneously listed [his] address as Bryce 1202 Dr., Mission, Texas," and he stated that the Bryce address "is a very old address for me, and I have not lived there in some time." Rosales stated he "was no longer a resident of Hidalgo County, Texas on November 1, 2022, [because he] had moved to Cameron County, Texas approximately six months before." Rosales's wife stated in her sworn affidavit that Rosales "began living with [her] at her residence in La Feria[, Cameron County,] Texas approximately six months prior to [their] October 10, 2022 wedding." According to Rosales's wife, "he was living in Cameron County on the date the subject accident occurred."

---

[1] I agree with the majority that Rosales is barred from challenging venue in Hidalgo County.

Additionally, Rosales provided a medical record from the hospital where he received medical treatment on the day of the accident, which lists Rosales's address as the same Cameron County address provided by the couple in their affidavits. Finally, at the motion to transfer venue hearing, the Elizondos' trial counsel told the trial court that Rosales denied that the address on his driver's license was his residence when questioned by a police officer. According to the Elizondos' trial counsel, Rosales gave the police officer a third address—one that is contradicted by his hospital records and not on his driver's license. Nothing else in the record supports a finding that this third address was Rosales's residence at the time the accident occurred.[2]

I would conclude that evidence that Rosales moved to Cameron County and lived there prior to the date of the accident and that he told the police officer that the address on his driver's license was not a good address shows that the address on his driver's license was wrong. *See id.*; *see also TXI Operations LP v. Tex. Comm'n on Env't Quality*, 665 S.W.3d 203, 213 (Tex. App.—Austin 2023, pet. denied) ("We will apply the common meaning of a residence as a place 'where one actually lives,' as distinguished from a domicile or place of temporary sojourn."); *In re Socorro Indep. Sch. Dist.*, No. 13-09-00500-CV, 2010 WL 1138451, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2010, orig. proceeding) (mem. op.) ("[W]ith regard to the propriety of venue as in the county of the defendant's residence, '[a]lthough the venue statutes permit a defendant to have a residence in two or more counties, the residence must be occupied over a substantial

---

[2] The Elizondos' trial counsel argued that because Rosales owned the home located at the third address provided by Rosales to the police officer, it constituted his residence.

period of time and must be permanent rather than temporary in order to qualify as a second residence.'" (quoting *Howell v. Mauzy*, 899 S.W.2d 690, 697 (Tex. App.—Austin 1994, writ denied))). In *Parks*, we stated that the defendant's statement that he no longer resided in Hidalgo County was insufficient to conclusively rebut the plaintiff's prima facie proof that proper venue was in Hidalgo County. *See Parks v. Migl*, No. 13-22-00208-CV, 2023 WL 7860792, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 16, 2023, pet. filed) (mem. op.). However, here, Rosales's wife corroborated Rosales's statement that he resided in Cameron County when the accident occurred, and he provided hospital records from the date of the accident showing that his address was the same address the couple provided in their affidavits. *Cf. id.*

Thus, under these facts, I believe that 3HM, Wright, Prestige, Tri-National, and RMR "destroyed" the Elizondos' prima facie evidence by proving that Rosales resided in Cameron County when the accident happened. *See Ruiz*, 868 S.W.2d at 758; *see also In re Graham*, 251 S.W.3d 844, 850 (Tex. App.—Austin 2008, orig. proceeding) ("[T]he controlling factor [when determining residence] is 'the actual fact as to the place of residence and decedent's real attitude and intention with respect to it as disclosed by his entire course of conduct.'" (quoting *Texas v. Florida*, 306 U.S. 398, 425 (1939))). Rosales's use of a Hidalgo County address for his driver's license merely conflicts with the facts as to the place of his residence being in Cameron County. *See In re Graham*, 251 S.W.3d at 851. Accordingly, there is no probative evidence in the entire record that would establish that venue is proper in Hidalgo County. Therefore, I would reverse the trial court's denial of 3HM, Wright, Prestige, Tri-National, and RMR's motions to transfer

4

venue to Tarrant County. *See In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding) ("[I]f the plaintiff fails to discharge the burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county."). Accordingly, I respectfully dissent.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of March, 2024.